UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BISHOP,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )     Case No. 22-3062<br>) |
| GLEN AUSTIN,<br>   Defendant | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, has identified one Defendant, Graham Correctional Center Warden Glen Austin. Plaintiff says he was housed in the same unit at the facility since August of 2018 and held a job as a porter or launder porter.

The Defendant assured inmates they would not be punished if they chose not to receive the COVID vaccination. Plaintiff decided against the vaccination and on August 20, 2021, the Warden moved all unvaccinated inmates to Housing Unit 20. Plaintiff remained there for a week until the Warden ultimately moved the unvaccinated

1

inmates to Housing Unit 12 where they stayed until January 20, 2022. Since Plaintiff was no longer in his old unit, he lost his porter job.

Unvaccinated inmates continued to follow COVID-19 protocols and Plaintiff did not test positive. However, Plaintiff claims "the decision of Warden Glen Austin to segregate and discrimination and punish individuals who chose to remain unvaccinated is a clear violation of the 8th Amendment." (Comp., p. 2).

Plaintiff also outlines two occasions inmates were placed on a 14-day quarantine status after an inmate tested positive. The first occasion occurred during the last two weeks of December 2021. Shortly after, there was a facility-wide quarantine from January 6, 2022 to January 20, 2022. At this point, Plaintiff was moved to Housing Unit 25 which was "designated a vaccinated house." (Comp., p. 2).

Plaintiff says the new unit was one of the few COVID "hot spots" at Graham Correctional Center and there was an additional quarantine period. (Comp., p. 2). Plaintiff also claims moving him to this housing unit was a violation of the Eighth Amendment because he could have contracted COVID. (Comp., p. 3). Nonetheless, Plaintiff continued to test negative.

Plaintiff asks for the Warden to be "punished appropriately" for his handling of unvaccinated inmates and damages. (Comp, p. 3). In addition, Plaintiff asks for damages for two inmates who also filed grievances and damages on behalf of other unvaccinated inmates.

There are several problems with Plaintiff's complaint. First, this is not a class action lawsuit, and it is not signed by any inmate besides Plaintiff Bishop. Therefore,

Plaintiff Bishop may only proceed with claims which specifically relate to his incarceration, and he may not seek damages or relief for other inmates.

Second, Plaintiff has not stated a claim based on the move to a housing unit which Plaintiff believes was a hot spot for COVID-19. Plaintiff alleges the facility still followed COVID protocols and inmates were quarantined and tested. In addition, Plaintiff admits he never tested positive, nor is there any claim of some future harm.

"The Seventh Circuit recently reiterated the necessity of an actual injury to sustain a suit under § 1983." *Bolden v. Mezo Stallins*, 2022 WL 479797, at *6 (S.D. Ill. Feb. 16, 2022). In *Lord v. Beahm*, the Seventh Circuit noted an inmate's "claim fails on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without developing evidence of a recoverable injury." *Lord,* 952 F.3d 902, 905 (7th Cir. 2020). A plaintiff cannot recover money damages without a showing of some type of harm. *Id.; see also Walker v. Leibert*, 844 F. Appx 920, 922 (7th Cir. 2021)("to the extent [Plaintiff] seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury."); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019)("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.")(quotation marks and citation omitted); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("Section 1983 is a tort [and] [a] tort to be actionable requires injury."); *see also Charles v. Abernathy*, 2022 WL 2252749, at *1 (C.D.Ill. June 22, 2022)(Plaintiff failed to state a claim based on his "exposure to the COVID-19 virus,"

without ever testing positive); *Hunt v. Jeffreys*, 2022 WL 2668369, at *2 (C.D.Ill. July 11, 2022)("Plaintiff has not articulated a constitutional violation based on his potential exposure to the COVID-19 virus as Plaintiff has not alleged he suffered any harm."); *Shaw v. Kemper*, 2021 WL 5493937, at *4 (E.D.Wis. Nov. 23, 2021)(prisoner fails to state claim based on risk of exposure to COVID); *Townsend v. Lucas*, 2020 WL 7209759, at *4 (E.D.Wis. Dec, 7, 2020)(" the plaintiff fails to state a claim because he was not injured as a result of living on the same unit as the transferred inmate (the plaintiff clarifies that he was not infected).").

Plaintiff's only remaining allegation pertains to Defendant Austin's decision to move all unvaccinated inmates into the same housing unit for five months from August 20, 2021 to January 20, 2022. Plaintiff claims the Defendant violated his Eighth Amendment rights because the housing decision punished inmates for choosing not to be vaccinated.

Plaintiff has provided a copy of his grievance and the response claims the Warden had the right to make administrative decisions "[d]uring this unprecedented time" in order "to keep everyone safe from infection." (Plain. Comp., p. 5). The response also maintains the Warden and the Illinois Department of Corrections sought advice before making decisions from different health organizations.

Plaintiff has failed to articulate a constitutional violation based on the Defendant's administrative decision to place unvaccinated inmates in one housing unit. Plaintiff again admits the facility followed COVID protocols and he continued to test negative for the virus. In addition, beyond the fact that Plaintiff was with other

4

unvaccinated inmates, Plaintiff does not allege the unit was different from housing units filled with vaccinated inmates.

To state an Eighth Amendment violation, a plaintiff must claim "(1) there was a deprivation that was objectively serious enough that it resulted in the denial of the minimal civilized measure of life's necessities, and (2) prison officials were deliberately indifferent to the deprivation." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (internal quotations omitted). In other words, the Eighth Amendment "does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but only [to] that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), *quoting Hudson v. McMillian*, 503 U.S. 1, 19 (1992); *see also Truidalle v. Taylor*, 2011 WL 6780690, at *4 (N.D. Ill. Dec. 23, 2011)("[s]ubstandard living conditions do not necessarily equal unconstitutional conditions.").

Furthermore, a short stay in either quarantine status or segregation does not state a constitutional violation. "Segregation does not implicate a liberty interest unless the length of confinement is substantial and the 'record reveals that the conditions of confinement are unusually harsh.'" *Smith v. Birkey*, 447 Fed.Appx. 744, 746 (7th Cir. 2011) *citing Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009)("six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights.").

The Court does not believe Plaintiff can cure any of the noted deficiencies in his complaint if given leave to amend.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A. All pending motions are denied as moot. [5].

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 22nd day of September, 2022.


                                    s/James E. Shadid

                                    JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE